84

## LITTLE v. COX & CARPENTER, Inc.
### No. 6561.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1933.

S. C. Mize, of Gulfport, Miss., for appellant.

W. L. Guice, of Biloxi, Miss., Hollis C. Rawls, of Columbia, Miss., and J. Zach Spearing, of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that appellant, Paul Little, obtained a judgment against Cox & Carpenter, Inc., for the sum of $30,000 and against the United States Fidelity & Guaranty Company, as surety on a bond, in the sum of $10,000, in the same proceeding in the District Court for the Southern District of Mississippi. The cause of action does not appear in the record, but that is immaterial. Thereafter, Little filed a proceeding for garnishment against the surety company under the Mississippi practice suggesting that it was indebted to Cox & Carpenter. The writ of garnishment issued and was served. No answer was filed in time, and on June 19, 1931, judgment was entered, at Biloxi, against the surety company in the sum of $30,000. The court adjourned at Biloxi the same day, but before adjournment an order was entered extending and keeping the term open until the next regular term for the purpose, inter alia, of filing and granting or denying motions for new trials. The next regular term at Biloxi would begin on the third Monday of February, 1932. On December 4, 1931, the surety company filed a motion for a new trial, together with an answer setting up that the judgment was rendered because of error on the part of the agents of the company at Meridian and New Orleans, each believing the other would attend to filing the answer, and that the company was not indebted to the plaintiff except as the result of the judgment for $10,000 in the main suit, and that said judgment would be paid. On December 5, 1931, the district judge entered an order setting aside the judgment on the garnishment and awarding a new trial. Appellant then moved to strike from the files the answer of the surety company as garnishee. The court denied this motion. Appellant declined to contest the answer. The writ of garnishment was dismissed on February 22, 1932. This appeal is from the judgment of the District Court setting aside the judgment in favor of appellant on the garnishment, permitting the surety company to file an answer to the writ of garnishment, and to the final judgment rendered in favor of the surety company.

It is elementary that a federal court has authority to grant a new trial at any time within the term at which judgment is rendered, in the exercise of sound discretion, and error cannot be assigned thereto. Had no order of adjournment been made on June 19, 1931, the term would have automatically continued until the beginning of the next regular term fixed by law. In entering the order of adjournment the district judge had authority to qualify it as he saw fit and to continue the term for the purpose of passing upon and deciding applications for a new trial. It is quite evident that the court properly exercised his discretion to prevent a miscarriage of justice. The presumption may be indulged that if appellant had any real ground

upon which to recover against the surety company he would have urged it. The court is not to be criticized for setting aside the judgment based purely upon a technicality and otherwise entirely without substance. Citation of authority is not necessary to support these conclusions.

The record presents no reversible error. Affirmed.